## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| PROGRESSIVE HEALTH AND REHAB CORP, an Ohio corporation, individually And as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>PHYSICIANS WEALTH SOLUTIONS, LLC AND INTENTIONAL EXCELLENCE LLC, Ohio limited liability companies,<br><br>    Defendants. | Case No. 2:22-cv-505<br><br>Judge Sarah D. Morrison<br>Magistrate Judge Elizabeth Preston Deavers<br><br>**CLASS ACTION** |

_____

## DEFENDANTS' MOTION TO DISMISS

Now come Defendants Physicians Wealth Solutions, LLC and Intentional Excellence, LLC, by and through counsel, and hereby move this Court for an Order dismissing Plaintiff Progressive Health and Rehab Corporation's Complaint, without prejudice, pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure.

Plaintiff has failed to obtain proper service of process upon the Defendants. As such, the Plaintiff's Complaint must be dismissed without prejudice.

Further support for this Motion may be found in the following Memorandum.

    Respectfully submitted,

    LUPER, NEIDENTHAL & LOGAN

    /s:/ Christopher R. Pettit_____
    Christopher R. Pettit (0069926)
    1160 Dublin Road, Suite 400
    Columbus, Ohio 43215
    Tel.: (614) 221-7663
    Fax: (866) 345-4948
    Email: cpettit@lnlattorneys.com

Attorney for Defendants Physicians<br>Wealth Solutions, LLC and Intentional<br>Excellence, LLC

## **MEMORANDUM IN SUPPORT**

### I.    Introduction

Plaintiff's complaint must be dismissed as to both Defendant Physicians Wealth Solutions, LLC ("Physicians Wealth") and Intentional Excellence, LLC ("Intentional Excellence"), due to insufficient service of process on both Defendants. Plaintiff Progressive Health and Rehab Corporation filed its Complaint in this matter on February 9, 2022, naming both of the above-mentioned Defendants. (Pl.'s Complaint, Doc #1).

Fed. Civ. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff, therefore, had 90 days from the date of February 9, 2022 to serve both Defendants in this case, making the service deadline May 9, 2022. Plaintiff failed to obtain good service on either Defendant per the requirements of Fed. Civ. Rule 4(m). As such, the Defendants now move this Court for an Order dismissing the Plaintiff's case without prejudice under Fed. Civ. Rule 12(b)(5).

### II.    Law & Argument

A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process. *See*, Fed. R. Civ. P. 12(b)(5). "When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made." *McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp. 2d 831, 836 (S.D. Ohio 2012). "Without proper service of

2

process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *citing, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also, Boulger v. Woods*, 306 F. Supp. 3d 985, 992 (S.D. Ohio 2018), aff'd, 917 F.3d 471 (6th Cir. 2019). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655; *quoting, Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

In deciding a motion made pursuant to Fed. Civ. Rule 12(b)(5), a court must look to Fed. Civ. Rule 4, which governs the content, issuance, and service of a summons. Under Rule 4, a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) [90 days] and must furnish the necessary copies to the person who makes service." Fed. Civ. Rule 4(c)(1); *see also*, Fed. Civ. Rule 4(m).

Under Fed. Civ. Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

In addition to establishing the time limit for service, Rule 4(m) also specifies the methods of service. In particular, the Rule provides that service can be accomplished by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. Civ. Rule 4(e)(2)(A)–(C). Alternatively, and as more relevant here, service can also be

accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. Civ. Rule 4(e)(1).

Per the Ohio Rules of Civil Procedure, service by certified mail must be "evidenced by return receipt signed by any person." Ohio Civ. Rule 4.1(A)(1)(a). While Ohio case law provides that "any person" should be understood broadly, there are limitations. *See*, *Indian Creek Condo. Prop. Owners Ass'n. v. Team Equity*, Montgomery 2 Dist. Case No. 28369, 2019-Ohio-4876, *P27, 2019 Ohio App. LEXIS 4923 (Nov. 27, 2019). "Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant." *Id.* This District Court has recently recognized that the above-quoted passage suggests the broad scope of whom may accept service on a defendant extends only to others residing (or working) at the indicated address and not necessarily to mail carriers or other persons who deliver the materials to the address. *Finnell v. Eppens*, 2021 U.S. Dist. LEXIS 110389, *14 (S.D. Ohio 2021).

Moreover, service of process in Ohio cannot be proper unless it complies with the Ohio Rules of Civil Procedure (along with due process concerns). "When service is not properly made under Civ. R. 4 to 4.6, the trial court lacks jurisdiction over the defendant who was not properly served." *Treasurer of Lucas Cty. v. Mt. Airy Investments Ltd.*, Lucas 6 Dist. Case No. L-18-1254, 2019-Ohio-3932, *P12, 2019 Ohio App. LEXIS 4000 (Sept. 27, 2019); *see also, In re X.Q.*, Cuyahoga 8 Dist. Case No. 107851, 2019-Ohio-1782, *P12, 2019 Ohio App. LEXIS 1835 (May 9, 2019) ["A valid court judgment requires both proper service under the applicable Ohio rules and adequate notice under the Due Process Clause."]; *Portfolio Recovery Assoc., L.L.C. v. Thacker*, Clark 2 Dist.

4

Case No. 2008 CA 119, 2009-Ohio-4406, *P22, 2009 Ohio App. LEXIS 3726 (Aug. 28, 2009) ["Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void *ab initio.*"]; *Hubiak v. Ohio Family Practice Ctr.*, Summit 9 Dist. Case No. 26949, 2014-Ohio-3116, *P11, 15 N.E.3d 1238 (July 16, 2014).

Further, Ohio courts have consistently held that Ohio law does not accept that a mail carrier's "Covid 19" or "C19" mark on the certified mail receipt constitutes a valid signature under Civ. Rule 4.1(A)(1)(a). Civ. Rule 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail." *TCC Mgt., Inc. v. Clapp*, Franklin 10 Dist. Case No. 05AP-42, 2005-Ohio-4357, ¶11, 2005 Ohio App. LEXIS 3946 (Aug. 23, 2005). Pursuant to Civ. Rule 4.1(A), service by certified mail must be "evidenced by return receipt signed by any person." Civ. Rule 4.1(A)(1)(a). The entire purpose of certified mail service and commercial carrier service under Civ. Rule 4.1(A)(1)(b) is to ensure that proof exists that someone actually received the service, which explains why both subsection (1)(a) and (1)(b) emphasize the signature requirement. *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, Hamilton 1 Dist. Case No. C-210003, 2021-Ohio-3428, ¶8, 2021 Ohio App. LEXIS 3344 (Sept. 29, 2021).

In *CUC Properties VI, LLC v. Smartlink Ventures, Inc.,* the Ohio Court of Appeals for the First District held as follows:

> When the carriers in this case marked "Covid 19" or "C19" on the return receipt, they assumed the role of both the deliverer and the recipient. By extension, the mail carrier is the only person we can say with certainty knew the certified mail even existed. But Civ.R. 4 directs the postal employee to identify the person at the address who *received* the certified mail—not the one who delivered it. In any event, we cannot see how "Covid 19" or "C19" constitutes a "signature" or a receipt "signed" by a person. Black's Law Dictionary defines the verb "sign" as "to identify (a record) by means of a signature, mark, or other symbol with the intent to

5

> authenticate it as an act or agreement of the person identifying it," and "signature" as "a person's name or mark written by that person or at the person's direction." *Black's Law Dictionary* (11th Ed. 2019). No matter how creatively we construe "Covid 19" or "C19," those notations do not comport with any common understanding of "signed" or "signature.

*CUC Properties VI*, 2021 Ohio at ¶8.

Further, federal authority appears consistent with this interpretation of Rule 4's signature requirement. In *Finnell v. Eppens,* this District Court disagreed with its Magistrate Judge's Report and Recommendation, in which the Magistrate Judge found that the notation "Covid 19" satisfied service because it was unconvinced that Ohio law permitted a change in the signature requirement. *Finnell v. Eppens,* 2021 U.S. Dist. LEXIS at *16. ["The Court is unable to locate any specific Ohio law implementing a modification to the signature requirement based on COVID-19. Thus, while 'any person' may be broad, the Court cannot be confident that it would extend to a mail carrier's signature."] While "any person" represents a broad concept, the District Court in *Finnell* explained that "it may be that this broad scope extends only to others residing (or working) at the indicated address, and not necessarily to mail carriers who deliver the materials to the address—COVID-19 pandemic notwithstanding." *Finnell*, 2021 U.S. Dist. LEXIS at *14; *referencing, Indian Creek Condominium Property Owners Assn.*, 2019 Ohio at ¶27.

Further, Judge Mary Katherine Huffman, Chair of the Commission on the Rules of Practice and Procedure for the Supreme Court of Ohio, has submitted an Open Letter to the Clerks of Court, the Bench, and the Bar of Ohio encouraging all Ohio courts and counsel to evaluate notices of service carefully before taking action due to the USPS mail carriers improperly signing a return receipt without confirming that the summons has been delivered to the correct person/place. In this letter, Judge Huffman wrote: "Clerks

6

should not hesitate to alert the court and counsel to illegible or apparently incomplete return receipts." (*See,* Open Letter attached hereto as Exhibit "1"). This exact issue is at play for both of the Defendants in this case.

Given recent rulings by Ohio courts and the viewpoint expressed publicly by the Commission on the Rules of Practice and Procedure on the matter, it is evident that a mail carrier's illegible scribble on a return receipt or a notation of "C-19" or "Covid-19" on a return receipt do not inform a court about who received the summons and, thus, cannot satisfy the signature requirement of Civ. Rule 4.1 in order to constitute proper service.

### A. Defendant Physicians Wealth Solutions Has Not Been Properly Served in this Case.

To date, Plaintiff has failed to serve Defendant Physician's Wealth Solutions, LLC properly. Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made. *See, Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999). Plaintiff filed this action on February 9, 2022; therefore, pursuant to Fed. Civ. Rule 4(m), Plaintiff was required to serve Defendants properly on or before May 9, 2022. Plaintiff has failed to do so.

Service by certified mail must be "evidenced by return receipt signed by any person." Ohio Civ. Rule 4.1(A)(1)(a). On April 25, 2022, Plaintiff attempted to serve Physician Wealth Solutions via certified mail at 6816 Caine Road in Columbus, Ohio. No one who works at or who regularly comes to the office at 6816 Caine Road signed for the delivery. (Declaration of John Stewart, attached hereto as Exhibit "2", at ¶5). Defendant, therefore, did not sign for service. Instead, the Summons and Complaint were

apparently left outside of the office and the return receipt was sent back to the Clerk of Courts with completely illegible scribble on it. (*See*, return receipt for Defendant Physicians Wealth Solutions attached hereto as Exhibit "3").

Because no one at the office received delivery of the summons and complaint and signed the return receipt, the scribble on the return receipt must be from the mail carrier who delivered the documents.  (Exhibit "2" at ¶¶4-5). It is important to note that Ohio courts have held that the pandemic does not abolish the requirement under Ohio Civ. Rule 4 that directs the postal employee to identify the person at the address who *received* the certified mail—not the one who delivered it. *See, CUC Properties VI, LLC*, 2021 Ohio at ¶8.

While the return receipt may be signed by "any person" under Ohio Civil Rule 4.1, the Court cannot be confident that the broad interpretation of "any person" under Rule 4.1 would extend to a mail carrier. The lack of a proper signature, therefore, makes this service insufficient.  Because the Plaintiff has not remedied the deficiency with the signature by the deadline for service, Defendant Physician Wealth Solutions asks that the Court dismiss this action pursuant to Fed. Civ. Rule 4(m).

The Ohio Second District Court of Appeals' recent decision in *Cincinnati Insurance Company v. Hall*, Montgomery 2 Dist. Case No. 29288, 2022-Ohio-1112, 2022 Ohio App. LEXIS 1013 (April 1, 2022) does not undercut the Defendants' position.  In that case, Cincinnati Insurance Company ("CIC") was the plaintiff and moved for a default judgment against the sole defendant, Eric Hall, who was a *pro se* defendant.  CIC had filed its complaint against Mr. Hall on October 30, 2020.  The trial court's docket showed that CIC had "perfected" service on January 12, 2021.  On May 12, 2021, CIC moved for default judgment.

8

CIC filed a letter from the U.S. Postal Service on May 12, 2021 as proof of delivery. The letter stated that the summons and complaint were "Delivered, Left with Individual" and noted "Return Receipt Electronic". The letter also included a scanned signature and address box. Both the signature and the markings in the address box were illegible.

The Magistrate Judge *sua sponte* set CIC's default judgment motion aside, finding that the certified mail was not signed by the Defendant. CIC attempted service by certified mail again in June 2021 and moved for default judgment again in August 2021. The Magistrate Judge subsequently filed two entries—the first on August 10, 2021 and the second on August 31, 2021—finding that the return receipts had not been signed by Mr. Hall and that a "Covid-19" notation does not establish valid service. The Magistrate Judge also cautioned CIC that it must take further action before October 5, 2021 or risk having its case dismissed for want of prosecution.

CIC filed objections to the Magistrate Judge's August 31, 2021 entry. After addressing certain procedural issues with the objections, the trial court agreed with CIC that a return receipt could be signed by someone other than the defendant. The trial court, however, ultimately rejected the notion that a mail carrier delivering service of process could sign for delivery at the defendant's residence. The trial court ordered CIC's lawsuit dismissed and stated that its ruling was a final, appealable order. *Cincinnati Insurance*, 2022 Ohio at *P4-*P11.

On appeal, the Second District determined that there was no basis for either the Magistrate Judge or the trial court to have concluded that the mail carrier signed the return receipt. The Court of Appeals found that, while the writing was illegible, the return receipt was completed by *someone*. On this basis, the Court held that an illegible

9

signature on a return receipt constituted *prima facie* evidence that service was successful and proper. *Cincinnati Insurance*, 2022 Ohio at *P21 [internal citations excluded].

The Court then ruled that, absent a stipulation by CIC or other evidence establishing that a mail carrier in fact signed the return receipts, "they are at least minimally sufficient, on their face, to create a rebuttable presumption of valid service." *Cincinnati Insurance*, 2022 Ohio at *P22. In this manner, the Court of Appeals distinguished the case from the *CUC Properties* case from Ohio's First District Court of Appeals, which the Defendants have previously cited herein.

The Second District Court of Appeals also included a footnote in its decision, which further explained the above-quoted ruling. The Court noted that its ruling "did not mean that Hall cannot overcome the presumption of valid service by challenging it, possibly through a motion to vacate any default judgment CIC might obtain. At present, however, Hall has not appeared in the action or submitted any evidence to establish non-service." *Cincinnati Insurance*, 2022 Ohio at *P223, fn 1. Physicians Wealth Solutions and Intentional Excellence have not made the same mistake that Eric Hall had made.

Both Defendants here have presented evidence by way of Declarations establishing that no one from the US Postal Service physically delivered service to anyone who works or is regularly present at either of the listed addresses and that no one from their respective companies signed the return receipts. (Ex. 2 at ¶¶4-5 and Ex. 5 at ¶¶4-6). Moreover, the address that Plaintiff used to serve Intentional Excellence is not even the correct, current address for the company. (Ex. 5 at ¶4). Unlike the defendant in the *Cincinnati Insurance* case, Physicians Wealth Solutions and Intentional Excellence have

10

presented other evidence to show that the return receipts could have only been signed by the mail carrier.

Further, pursuant to Rule 4.2 of the U.S. District Court for the Southern District of Ohio's Local Rules, a plaintiff should ordinarily attempt to obtain a waiver of service process under Fed. R. Civ. P. 4(d) before attempting service of process. Here, the Plaintiff refused an offer to waive service from the Defendants.

Defense counsel contacted Plaintiff's counsel on March 18, 2022 by electronic mail, stating that both Physicians Wealth Solutions and Intentional Excellence would be willing to waive service. (*See*, electronic mail from defense counsel, Christopher R. Pettit, to Plaintiff's counsel, Matthew Stubbs, dated March 18, 2022, attached hereto as Exhibit "4"). Defense counsel asked Mr. Stubbs to forward the appropriate forms. Plaintiff's counsel never responded. Not only did Plaintiff disregard the Court's preferences as set out in its Local Rules by not attempting to obtain a waiver, but it also ignored the Defendants when they offered to waive service. Defendants ask that the Court take this into consideration in deciding if there is good cause for Plaintiff's failure to serve the Defendants within the time required by Fed. R. Civ. P. 4(m).

Because Defendant Physicians Wealth Solutions was not properly served before the 90-day period expired, the Court should dismiss this action without prejudice under Rule 12(b)(5) for insufficient service of process per the requirements set forth in Fed. Civ. Rule 4(m).

### B. Defendant Intentional Excellence Has Not Been Properly Served in this Action.

Plaintiff has also failed to obtain proper service upon Defendant Intentional Excellence, LLC. In addition to the issue with the signature on the return receipt,

Plaintiff attempted certified mail service upon Intentional Excellence at 6330 Well Fleet Drive, Columbus, Ohio 43231. (Return Receipt to Intentional Excellence is attached hereto as Exhibit "6"). That is not the correct, current address for Intentional Excellence. (Declaration of David Wetmore, attached hereto as Exhibit "5", at ¶4).

On April 25, 2022, Plaintiff attempted to serve Intentional Excellence through certified mail, but it was sent to an incorrect address and was signed by an unknown person who is not even remotely associated with Intentional Excellence. (*See*, Exhibit "6"). Ohio courts have previously held that a "failure of service of process…exists where the plaintiff fails to direct the summons and complaint to the defendant's residence or to an address where the plaintiff could reasonably expect that the summons and complaint would be delivered to the defendant." *Chuang Dev. LLC v. Raina*, Franklin 10 Dist. Case No. 15AP-1062 & 16AP- 500, 2017-Ohio-3000, *P32, 91 N.E.3d 230, 239 (May 25, 2017).

In order to show a reasonable expectation that the summons and complaint would actually be delivered to the defendant so that service is valid, "the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Chuang Dev.*, 2017 Ohio at *P35.

In the present case, the service was not valid because it was sent to an incorrect address where no one from Intentional Excellence has a continuous or habitual physical presence.

Over and above the problem with the signature on the return receipt, Defendant Intentional Excellence's Motion to Dismiss per Civ. Rule 12(B)(5) should also be granted because the summons and complaint were served at the wrong address.

### C. Conclusion

For all of the foregoing reasons, the Defendants' Motion to Dismiss under Fed. Civ. Rule 12(B)(5) is well taken and should be granted.

Respectfully submitted,

LUPER, NEIDENTHAL & LOGAN

/s:/ Christopher R. Pettit_____
Christopher R. Pettit (0069926)
1160 Dublin Road, Suite 400
Columbus, Ohio 43215
Tel.: (614) 229-4407
Fax: (866) 345-4948
Email: cpettit@lnlattorneys.com

Attorney for Defendants Physicians Wealth Solutions, LLC and Intentional Excellence, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been filed on this 13th day of May, 2022 through this Court's ECF system and has been served upon all counsel of record who participate in that system, including the following:

Matthew E. Stubbs, Esq.
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
mstubs@mojolaw.com

Ryan M. Kelly, Esq.
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
rkelly@andersonwanca.com

Attorneys for Plaintiff

                                        /s:/ Christopher R. Pettit_____
                                        Christopher R. Pettit (0069926)

                                        **Attorney for Defendants Physician Wealth**
                                        **Solutions, LLC and Intentional Excellence, LLC**